1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHARLES FERCHAU,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>CITIMORTGAGE, INC.; and DOES 1-100,<br>Inclusive,<br><br>　　　　　　　Defendants. | Case No.: 13-CV-00941-LHK<br><br>ORDER GRANTING MOTION TO<br>DISMISS WITHOUT PREJUDICE |

Plaintiff Charles Ferchau ("Plaintiff") brings this action for breach of contract, violation of California Civil Code § 2923.6, promissory estoppel, negligence, negligent misrepresentation, and violation of California Business and Professions Code § 17200, *et. seq.*, against Defendant CitiMortgage ("Defendant"). The case arises out of a mortgage on Plaintiff's home, located at 18270 Enderson Court, Morgan Hill, California 95037. Pending before the Court is Defendant's Motion to Dismiss. ECF No. 14. Plaintiff filed an untimely Opposition, ECF No. 26, to which Defendant has objected, ECF No. 28. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing on this motion set for January 9, 2014, at 1:30 p.m. The Court further CONTINUES the Case Management Conference set for January 9, 2014, at 1:30 p.m. to March 12, 2014, at 2 p.m. For the reasons stated below, the Court GRANTS the Motion to Dismiss without prejudice.

# I.     BACKGROUND

## A.     Factual Background

Plaintiff is the owner of the property on Enderson Court in Morgan Hill. ECF No. 9 ¶ 1. Plaintiff acquired a mortgage of nearly $1.3 million from Defendant in March 2006. *Id.* ¶ 26. Plaintiff alleges that he is current on his mortgage payments, but that his wife's illness has led to circumstances that might prevent him from making his mortgage payments. *Id.* ¶¶ 27-28, 30. In 2012, Plaintiff requested mortgage assistance from Defendant on the basis of his hardship and the fact that the Property was worth $400,000 less than the mortgage due to the economic downturn. *Id.* ¶ 29. Defendant's employees confirmed that Plaintiff's hardship was a strong indicator of Plaintiff's likely "imminent default." *Id.* ¶ 57. Further, Defendant's employees allegedly told Plaintiff that they had a legal obligation to respond to every requesting homeowner and that Defendant was the only authority that could rescue Plaintiff from foreclosure. *Id.* ¶¶ 58, 64.

Nevertheless, Plaintiff alleges that Defendant has refused to cooperate or accommodate Plaintiff and has ignored the fact that Plaintiff is facing imminent default despite Defendant's knowledge of Plaintiff's financial situation. *Id.* ¶¶ 31, 50. Plaintiff alleges that Defendant has several "in-house" programs that could provide Plaintiff relief, but that Defendant has refused to provide any assistance, letters explaining the denial of assistance, or applications for foreclosure alternatives despite Plaintiff's constant requests. *Id.* ¶¶ 31, 50. Plaintiff alleges that Defendant's upper management told employees to not send Plaintiff an application and to keep "pretending" that assistance would be "right around the corner." *Id.* ¶ 63. Plaintiff contends that but-for Defendant's failure to allow Plaintiff to apply for assistance and to consider such an application, Plaintiff would not be facing imminent foreclosure. *Id.* ¶ 58.

Plaintiff's legal contention is that Defendant's failure to provide or consider assistance violates its contractual obligations and several California laws. Plaintiff contends that these violations have forced Plaintiff to incur unspecified out-of-pocket expenses and legal and attorneys' fees in connection with the instant lawsuit and that these violations have unjustly enriched Defendant. *Id.* ¶¶ 48, 79.

Case No.: 13-CV-00941-LHK
ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE

*(left margin)* **United States District Court** / For the Northern District of California

United States District Court
For the Northern District of California

### B.     Procedural History

The procedural history of this case can be described, at best, as odd. Plaintiff filed his Complaint in Santa Clara County Superior Court on December 14, 2012. *Se* ECF No. 1, Ex. A. Defendant timely removed the action to this Court on March 1, 2013, due to the diversity of the parties. *See* ECF No. 1.

On March 8, 2013, Defendant filed a Motion to Dismiss the Complaint. *See* ECF No. 6. Plaintiff filed an Amended Complaint on April 8, 2013. *See* ECF No. 7. On June 6, 2013, Defendant filed a Motion to Dismiss the Amended Complaint. *See* ECF No. 14. Plaintiff did not timely oppose the Motion under Civil Local Rule 7-3(a), and on June 30, 2013, Defendant filed a notice of non-opposition. *See* ECF No. 18.

On August 6, 2013, noting that Defendant had difficulty reaching Plaintiff for the purposes of filing a Joint Case Management Statement and the lack of opposition to the Motion to Dismiss, this Court issued an Order to Show Cause Why Case Should Not be Dismissed for Failure to Prosecute. *See* ECF No. 24.  The Court stated that the Order to Show Cause did "not authorize Plaintiff to file an untimely opposition to the [M]otion to Dismiss." *Id.* at 2. Yet, Plaintiff filed an untimely Opposition to the Motion to Dismiss on August 7, 2013. *See* ECF No. 26. The Opposition was signed by Plaintiff's counsel Art Hoomiratana. *See id.* at 14. Defendants' filed a response noting the impropriety of the Opposition. *See* ECF No. 28.

On August 28, 2013, following the hearing on the Order to Show Cause, this Court issued a Minute Order. *See* ECF No. 33. In that Order, this Court stated that the docket showed that Art Hoomiratana and Antoinette Marino were representing Plaintiff, but counsel that appeared for Plaintiff at the hearing, John Wood, stated that neither Mr. Hoomiratana or Ms. Marino were representing Plaintiff. *Id.* The Court ordered Plaintiff to correct the docket to clarify which attorney represented Plaintiff. *Id.* The Court further ordered Plaintiff's counsel to file, by August 30, 2013, declarations from John Wood, Art Hoomiratana, and any paralegals or staff at Mr. Hoomiratana's law firm on who, how, and when they received Defendant's Motion to Dismiss and the Court's Order to Show Cause. *Id.*

Case No.: 13-CV-00941-LHK
ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE

Plaintiff failed to meet this deadline. But on September 3, 2013, Plaintiff filed three declarations. The first two declarations—from John Wood and Art Hoomiratana—stated that neither Mr. Wood nor Mr. Hoomiratana had personal knowledge of when the firm became aware of the Motion to Dismiss and Order to Show Cause. *See* ECF Nos. 34-35. Mr. Hoomiratana's declaration further stated that he has been on sabbatical from his firm for the duration of this case. *See* ECF No. 35. In the third declaration, Cynthia Lynn, a paralegal at Mr. Hoomiratana's law firm, stated that she "became aware of the Motion to Dismiss or the Order to Show Cause when doing a routine docket check or when I received a telephone call/email from OPC, or as the case may be." *See* ECF No. 36. Ms. Lynn's declaration further stated that she believed that all ECF notifications were going to the email address of Antoinette Moreno, an attorney who used to work at Mr. Hoomiratana's law firm. *See id.*

The Court is still unclear on what exactly transpired. How Mr. Hoomiratana signed the Opposition to the Motion to Dismiss with no personal knowledge of how he or his firm became aware of the Motion is perplexing. Further, the fact that Mr. Hoomiratana is on sabbatical and listed on the docket as sole counsel for Plaintiff raises yet more questions.

Notwithstanding this odd procedural history, the Court finds that resolving the Motion to Dismiss on the merits is the appropriate course of action at this juncture. The Court finds that resolution on the merits rather on procedural grounds, including considering the untimely Opposition, is more likely to "secure the just, speedy, and inexpensive determination" of this case and therefore advance the goals of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 1; *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (holding that the purpose of pleading rulings is "to facilitate decision on the merits, rather than on the pleadings or technicalities"). The Court finds that Defendants are not prejudiced by the Court's consideration of Plaintiff's untimely Opposition because, for the reasons stated below, Plaintiff's contentions in the Opposition lack merit.[1] Therefore, Plaintiff has not unduly benefited from the untimely Opposition.

---

[1] Furthermore, most of the untimely Opposition appears to be merely echoing the allegations in the Amended Complaint, which includes citations to cases. *Compare* ECF No. 9 ¶¶ 55-59 (Amended Complaint's allegations of negligence) *with* ECF No. 26 at 6-7 (Opposition's nearly identical discussion of negligence).

United States District Court
For the Northern District of California

## II.    LEGAL STANDARDS

### A.    Motion to Dismiss

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The Supreme Court has held that Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, a court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

However, a court need not accept as true allegations contradicted by judicially noticeable facts, *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and a "court may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into one for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995).[2] A court is not required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *accord Iqbal*, 556 U.S. at 678. Furthermore, "a plaintiff may

---

[2] Defendant requests judicial notice of the Deed of Trust relating to Plaintiff's property recorded by the County of Santa Clara. *See* ECF No. 14-2. Plaintiff has not opposed the request. The Court takes judicial notice of this document on the basis that the document is an undisputed public record. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 (9th Cir. 2004); *accord Ismail v. Wells Fargo Bank, N.A.*, No. 12-1653, 2013 WL 930611, at *3 (E.D. Cal. Mar. 8, 2013) (taking judicial notice of documents filed with county recorder).

Case No.: 13-CV-00941-LHK
ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE

**United States District Court**
For the Northern District of California

1    plead herself out of court" if she "plead[s] facts which establish that [s]he cannot prevail on h[er] . .

2    . claim." *Weisbuch v. Cnty. of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (internal quotation marks

3    and citation omitted).

4         **B.       Rule 9(b)**

5         Claims sounding in fraud or mistake are subject to the heightened pleading requirements of

6    Federal Rule of Civil Procedure 9(b), which requires that a plaintiff alleging fraud "must state with

7    particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); *see Kearns v. Ford Motor

8    Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). To satisfy Rule 9(b)'s heightened standard, the

9    allegations must be "specific enough to give defendants notice of the particular misconduct which

10   is alleged to constitute the fraud charged so that they can defend against the charge and not just

11   deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir.

12   1985). Thus, claims sounding in fraud must allege "an account of the time, place, and specific

13   content of the false representations as well as the identities of the parties to the misrepresentations."

14   *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (per curiam) (internal quotation marks

15   omitted). "The plaintiff must set forth what is false or misleading about a statement, and why it is

16   false." *In re Glenfed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc), *superseded by

17   statute on other grounds as stated in Ronconi v. Larkin*, 253 F.3d 423, 429 n.6 (9th Cir. 2001).

18        **C.       Leave to Amend**

19        If a court determines that the complaint should be dismissed, it must then decide whether to

20   grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend

21   "should be freely granted when justice so requires," bearing in mind that "the underlying purpose

22   of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or

23   technicalities." *Lopez*, 203 F.3d at 1127 (internal quotation marks omitted). Nonetheless, a district

24   court may deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the

25   movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice

26   to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *See

27   Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (quoting *Foman v.

28

*Davis*, 371 U.S. 178, 182 (1962)). Where those conditions are not present, a court generally grants leave to amend.

## III.  DISCUSSION

### A.  Breach of Contract

In his first cause of action, Plaintiff alleges that Defendant breached its Servicer Participation Agreement ("SPA") with Fannie Mae because Defendant failed to comply with its obligations to offer loan modifications under the Home Affordable Modification Program ("HAMP") and that Plaintiff was a third-party beneficiary of the SPA and HAMP. ECF No. 9 ¶¶ 33-43.

"In October 2008, Congress passed the Emergency Economic Stabilization Act ("EESA") to help restore stability to the financial system and to preserve homeownership." *Gutierrez v. PNC Mortgage*, No. 10-01770, 2012 WL 1033063, at *12 (S.D. Cal. Mar. 26, 2012) (citing 12 U.S.C. § 5201). "The EESA also established the Troubled Asset Relief Program ("TARP"), which was intended to reduce foreclosures." *Id.* (citing 12 U.S.C. §§ 5211, 5225). "Under TARP, the Treasury Department established HAMP, a voluntary program to encourage lenders to modify mortgages and prevent defaults and foreclosures." *Id.*

As the Seventh Circuit has noted, most courts have held that "borrowers were not intended third-party beneficiaries of the SPAs." *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 559 n. 4 (7th Cir. 2012) (citing numerous authorities); *see also Morales v. Chase Home Fin. LLC*, No. No. 10-02068, 2011 WL 1670045, at *9 (N.D. Cal. Apr.11, 2011) (so holding); *Hoffman v. Bank of Am.*, No. 10-2171, 2010 WL 2635773, at *3 (N.D. Cal. June 30, 2010) (same); *Escobedo v. Countrywide Home Loans, Inc.*, No. 09-1557, 2009 WL 4981618, at *2-3 (S.D. Cal. Dec. 15, 2009) (same). "As district courts have recognized, it would be unreasonable for a qualified borrower seeking a loan modification to rely on a servicer's agreement under HAMP as granting him enforceable rights because the agreement does not actually require that the servicer modify all eligible loans." *Gutierrez v. PNC Mortgage*, 2012 WL 1033063, at *12 (S.D. Cal. Mar. 26, 2012). Under these cases, Plaintiff cannot state a third-party beneficiary cause of action for breach of the SPA.

Case No.: 13-CV-00941-LHK
ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE

United States District Court
For the Northern District of California

In his untimely Opposition, Plaintiff contends that *County of Santa Clara v. Astra USA, Inc.*, 588 F.3d 1237, 1243 (9th Cir. 2009), and *Marques v. Wells Fargo Home Mortgage Inc.*, 2010 U.S. Dist. LEXIS 81879 (S.D. Cal. Aug. 12, 2010) (citing Ninth Circuit's decision in *Astra*), compel a contrary result. However, the Seventh Circuit rejected reliance on these cases when it held that the courts that denied motions to dismiss third-party-beneficiary-based HAMP claims "may have been led astray by *County of Santa Clara v. Astra USA, Inc.*, 588 F.3d 1237 (9th Cir. 2009), which was reversed by the Supreme Court. *See Astra USA, Inc. v. Santa Clara County*, ——— U.S. ———, 131 S. Ct. 1342, 179 L.Ed.2d 457 (2011)." *Wigod*, 673 F.3d at 559 n. 4. As the Seventh Circuit noted, "since *Astra*, district courts have correctly applied the [Supreme] Court's decision to foreclose claims by homeowners seeking HAMP modifications as third-party beneficiaries of SPAs." *Id.*[3]

Accordingly, in line with the weight of authority and the Seventh Circuit's decision in *Wigod,* this Court concludes that the SPA does not create a third-party beneficiary cause of action for breach of contract.

### B.     Violation of California Civil Code § 2923.6

Plaintiff's second cause of action alleges that Defendant violated California Civil Code § 2923.6. ECF No. 9 ¶¶ 44-48. However, the courts in this district have held that section 2923.6 does not confer a private right of action for borrowers against their lenders. *Marquez v. Wells Fargo Bank, N.A.*, No. 13-2819, 2013 WL 5141689 (N.D. Cal. Sept. 13, 2013) ("[T]he cause of action for violation of Civil Code § 2923.6 fails because that statute does not provide a private right of action."); *Monet v. Countrywide Home Loans*, No. 10-CV-04400, 2011 WL 1196461 (N.D. Cal. Mar. 29, 2011) (holding that section 2923.6 does not create a cause of action for borrowers); *Washington v. Nat'l City Mortgage Co.*, No. 10-5042, 2010 WL 5211506 (N.D. Cal. Dec. 16, 2010) ("§ 2923.6 does not create a cause of action for borrowers."); *Reynoso v. Chase Home Fin.*, No. 09-02190, 2009 WL 5069140 (N.D. Cal. Dec. 17, 2009) ("[A]s numerous other district courts

---

[3] The Ninth Circuit has adopted much of the Seventh Circuit's *Wigod* reasoning, though it has not had occasion to consider the precise question at issue here. *Corvello v. Wells Fargo Bank, NA,* 728 F.3d 878, 880 (9th Cir. 2013) (per curiam).

Case No.: 13-CV-00941-LHK
ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE

*United States District Court*
For the Northern District of California

1    have recognized, there is nothing in the language of Section 2923.6 suggesting that it creates a

2    private right of action for purported violations of its provisions."). Plaintiff's untimely Opposition

3    does not cite any authority to suggest that section 2923.6 creates a cause of action, nor does it

4    provide any argument for such a proposition.

5            Accordingly, the Court finds that Plaintiff has failed to state a claim with respect to his

6    cause of action under section 2923.6 of the California Civil Code.

7            **C.       Promissory Estoppel**

8            Plaintiff's third cause of action is for "promissory estoppel." ECF No. 9 ¶¶ 49-54. "[U]nder

9    the doctrine of promissory estoppel, [a] promise which the promisor should reasonably expect to

10   induce action or forbearance on the part of the promisee or a third person and which does induce

11   such action or forbearance is binding if injustice can be avoided only by enforcement of the

12   promise." *Kajima/Ray Wilson v. Los Angeles Cnty. Metro. Transp. Auth.*, 1 P.3d 63, 66 (Cal. 2000)

13   (internal quotation marks omitted).

14           The Amended Complaint lacks the allegations to support a contract action based on

15   promissory estoppel. Plaintiff does not allege what promise Defendant made to him or how he

16   relied on that promise. Instead, the Amended Complaint merely states that, "[a]s a direct,

17   proximate, and foreseeable result of Defendant CITI's breach of its promises and other

18   wrongdoings, Plaintiff has suffered money damages." ECF No. 9 ¶ 54. It is not apparent from the

19   Amended Complaint what these supposed promises and wrongdoings are. Plaintiff's untimely

20   Opposition states that "Plaintiff clearly 'detrimentally relied' upon Defendant's promise to modify

21   the terms of the loan. Plaintiff performed all conditions precedent for the loan modification." ECF

22   No. 26 at 11. However, it is not clear from the Amended Complaint when or how Defendant made

23   a promise to modify Plaintiff's loan. Furthermore, it is not clear what conditions precedent Plaintiff

24   performed in reliance on Defendant's supposed promise.

25           Accordingly, the Court finds that Plaintiff's Amended Complaint contains insufficient

26   allegations to support a cause of action based on promissory estoppel. *See Iqbal*, 556 U.S. at 678.

27

28

**United States District Court**
For the Northern District of California

Case No.: 13-CV-00941-LHK
ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE

**D.     Negligence**

Plaintiff's fourth cause of action is for negligence. *See* ECF No. 9 ¶¶ 55-59. Under California law, negligence requires that Plaintiff allege three elements: (1) legal duty, (2) breach of duty, and (3) breach of duty is the proximate or legal cause of resulting injury. *Ladd v. County of San Mateo*, 911 P. 2d 496, 498 (Cal. 1996).

In an ordinary lender-borrower relationship, there is no legal duty owed by the lender to the borrower. *See Nymark v. Heart Fed. Sav. & Loan Assn.*, 283 Cal. Rptr. 53, 56 (Ct. App. 1991) ("[A] financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money."). "Liability to a borrower for negligence arises only when the lender actively participates in the financed enterprise beyond the domain of the usual money lender." *Id.* at 57 (internal quotation marks omitted). "The vast majority of courts in this district have found that merely *engaging* in the loan modification process is a traditional money lending activity." *Meyer v. Wells Fargo Bank, N.A.*, No. 13-03727, 2013 WL 6407516 (N.D. Cal. Dec. 6, 2013) (citing numerous authorities) (emphasis in original). Accordingly, the Court finds that under these cases, Plaintiff cannot state a negligence cause of action.

Plaintiff, citing *Garcia v. Ocwen Loan Servicing*, No. 10-0290, 2010 WL 1881098 (N.D. Cal. May 10, 2010), contends that *Nymark*, *Meyer*, and the cases cited in *Meyer*, are not controlling. *Garcia* is, however, distinguishable. In *Garcia*, unlike here, the plaintiff had alleged that the bank had requested that the plaintiff submit various documents in connection with the loan modification request and the bank subsequently misplaced the documents Plaintiff submitted. *Id.* at *1. In so doing, the bank went beyond its role as a lender and acquired a duty of care. *Id.* at *4. ("[B]y asking Plaintiff to submit supporting documentation, Defendant undertook the activity of processing Plaintiff's loan modification request. Having undertaken that task, it owed Plaintiff a duty to exercise ordinary care in carrying out the task."). In contrast, here, Plaintiff has not alleged that Defendant has gone "beyond the role of a usual money lender." *Meyer*, 2013 WL 6407516, at *4; *see also Pitre v. Wells Fargo Bank, N.A.*, No. 13-00552, 2013 WL 4777159 (N.D. Cal. Sept. 6, 2013) (allegations that plaintiff were "assigned a home preservation specialist who answered their

10

United States District Court
For the Northern District of California

letters, spoke with them on the phone, and requested additional documents does not indicate an abnormal practice of a money lender" and therefore does not create a legal duty).

Plaintiff has not alleged the facts necessary to establish a legal duty on the part of Defendant. Accordingly, Plaintiff fails to state a cause of action for negligence.

### E.      Negligent Misrepresentation

Plaintiff's fifth cause of action is for negligent misrepresentation. Negligent misrepresentation causes of action are subject to the heightened pleading requirements of Rule 9(b). *See Das v. WMC Mortgage Corp.,* 831 F. Supp. 2d 1147, 1166 (N.D. Cal. 2011); *DeLeon v. Wells Fargo Bank, N.A.,* No. 10- 01390, 2010 WL 4285006 (N.D. Cal. Oct. 22, 2010). Under Rule 9(b), claims sounding in fraud must allege "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz,* 476 F.3d at 764. Causes of action subject to Rule 9(b) "must be accompanied by the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks omitted).

Plaintiff's Amended Complaint falls substantially below this threshold. The Amended Complaint suggests that the misrepresentations at issue here are that Defendant's employees stated that "every requesting homeowner is eligible to apply for mortgage assistance" and that Defendant extends its "'in-house' programs to those who qualify." ECF No. 9 ¶ 62. Yet, it is not clear which employees made these statements, why these statements are false, or when these statements were made (other than the broad allegation that misrepresentations go "back to early 2012"). The pleadings are therefore insufficient to meet the requirements of Rule 9(b). To survive a motion to dismiss, Plaintiff must provide more specifics about the alleged misrepresentations.

### F.      Violation of California Business and Professions Code § 17200, *et. seq.*

Plaintiff's sixth and last cause of action is for violation of California's Unfair Competition Law ("UCL"). "To assert a UCL claim, a private plaintiff needs to have 'suffered injury in fact and . . . lost money or property as a result of the unfair competition.'" *Rubio v. Capital One Bank*, 613

United States District Court
For the Northern District of California

11

F.3d 1195, 1203 (9th Cir. 2010) (quoting Cal. Bus. & Prof. Code § 17204).[4] Plaintiff has failed to allege how he has suffered economic injury resulting from the allegedly wrongful conduct of Defendant. Plaintiff has "not alleged that the foreclosure sale has yet taken place," and Plaintiff has not alleged how Defendant's violation "has caused any loss of money." *Estrada v. Nationstar Mortgage, LLC*, No. 13-0539, 2013 WL 4120803, at *5 (N.D. Cal. Aug. 9, 2013). Because Plaintiff has not alleged the requisite injury, he lacks standing under the UCL, and the Court grants Defendant's Motion to Dismiss Plaintiff's UCL cause of action.

## IV.      CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss. The Court grants Plaintiff leave to amend because it does not find bad faith, undue delay, repeated failure to cure deficiencies, undue prejudice, or futility. Should Plaintiff elect to file a Second Amended Complaint curing the deficiencies identified herein, he shall do so within 21 days of the date of this order. Failure to meet the 21-day deadline to file an amended complaint or failure to cure the deficiencies identified in this order will result in a dismissal with prejudice. Plaintiff may not add new causes of action or parties without leave of the Court or stipulation of the parties pursuant to Federal Rule of Civil Procedure 15.

**IT IS SO ORDERED.**

Dated: January 2, 2014

*Lucy H. Koh*
_____
LUCY H. KOH
United States District Judge

---

[4] The UCL "also requires a 'causal connection' between [Defendant's] alleged UCL violation and [Plaintiff's] injury in fact." *Rubio,* 613 F.3d at 1204.

Case No.: 13-CV-00941-LHK
ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE